IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **CANDACE METCALF,** | FILED: JULY 24, 2008 |
| Plaintiff, | 08CV4203 |
| | JUDGE MANNING |
| v. | MAGISTRATE JUDGE COX |
| **WALGREEN CO.,** | EDA |
| | Case No. |
| Defendant. | **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff, CANDACE METCALF ("Plaintiff"), by and through her counsel, Kevin Vodak, of COUNCIL ON AMERICAN-ISLAMIC RELATIONS, CHICAGO CHAPTER, complaining of Defendant, WALGREEN CO. ("Defendant"), states as follows:

## INTRODUCTION

1. Plaintiff seeks redress for the violation of rights guaranteed to Plaintiff by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., as a result of religious discrimination and retaliation she suffered during her employment with Defendant.

## PARTIES

2. Plaintiff, CANDACE METCALF, is a woman who recently converted to Islam. She presently resides in Wilmington, North Carolina.

3. Defendant, WALGREEN CO., is an Illinois corporation with its principal place of business located at 200 Wilmot Road, Deerfield, Illinois. Defendant is an employer for purposes of 42 U.S.C. § 2000e(b), as Defendant employed fifteen (15) or more employees for each working day for twenty (20) or more calendar weeks in the current and preceding calendar years.

**JURISDICTION AND VENUE**

4. This complaint alleges violations of Plaintiff's civil rights under Title VII of the Civil Rights Act of 1964. As a result, jurisdiction of this court is invoked pursuant to 28 U.S.C. §§1331 and 1334. Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

5. On February 13, 2007, Plaintiff timely filed a charge of religious discrimination with the Equal Employment Opportunity Commission ("EEOC") (a copy of the charge is attached hereto as Exhibit 1).

6. On July 5, 2007, Plaintiff timely filed a charge of retaliation with the EEOC (a copy of the charge is attached hereto as Exhibit 2).

7. The EEOC issued Notices of Right to Sue regarding both charges of religious discrimination and retaliation, which were sent to Plaintiff via regular mail on April 25, 2008 (a copy of the notices are attached hereto as Exhibit 3).

8. The violations alleged herein occurred in the Northern District of Illinois; therefore, venue is proper in this district pursuant to 28 U.S.C. § 1391.

**COMMON ALLEGATIONS**

9. Plaintiff worked for the Defendant, Walgreen Co., from July 2003 until her termination on or about May 25, 2007. She was hired as a Photo Specialist based on her experience and qualifications, and most recently she worked in the Cosmetics department.

10. Throughout her tenure with Defendant, Plaintiff performed to the reasonable satisfaction of Defendant, as

11. Originally, Plaintiff worked for Defendant in Tulsa, Oklahoma, where she had been successful in her duties as an employee. Defendant offered cross-training in the pharmacy as a means of promoting Plaintiff into a manager position. As a result, Defendant transferred

Plaintiff to another store located in Tulsa, Oklahoma, at 31st and Garnett, ("Garnett store") to receive the necessary training.

12. Upon learning of Plaintiff's Muslim religion, the store manager at the Garnett store failed to conduct any of the necessary training, and instead assigned Plaintiff to work in the Cosmetics department.

13. After becoming frustrated with the atmosphere of religious intolerance, in July 2006, Plaintiff moved to Chicago, where she felt her religious views would be better accepted. She continued working for Defendant at the store located at 8715 South Harlem, Bridgeview, Illinois.

14. Plaintiff became a full-time student in the Fall semester of 2006 and arranged with the store manager, Walter Karlinski ("Store Manager Karlinski"), to accommodate her work schedule in accordance with her school schedule. Plaintiff submitted her school schedule in writing and also submitted her working hour requests on Defendant's computer system.

15. During the first semester, Plaintiff encountered no scheduling problems with her managers at the Bridgeview store. Pursuant to her request, Plaintiff worked forty (40) hours per week.

16. Plaintiff began wearing a hijab in accordance with her religious beliefs on or around January 1, 2007. In response to discovering that Plaintiff is a Muslim, Store Manager Karlinski, cut back her hours from forty (40) hours per week to less than thirty (30) hours per week and began to schedule her work during times which directly conflicted with her class schedule in the Spring semester of 2007.

17. In stark contrast to the scheduling conflicts imposed on Plaintiff, Store Manager Karlinski accommodated other similarly situated non-Muslim employees' class schedules.

18. Before wearing her hijab, the Plaintiff worked day shifts and was often scheduled to the Photography department, a commission-earning position. Subsequent to wearing her hijab, Plaintiff was scheduled to work night shifts and turn-around shifts, and was placed in Cosmetics more often, where she was not able to earn commission.

19. Following the adornment of Plaintiff's hijab, Defendant also no longer scheduled Plaintiff to work on "Truck Days," which are the days on which deliveries are made to the store. Usually, every employee is required to work on "Truck Days."

20. Plaintiff's hours were cut back despite the fact that two (2) other non-Muslim employees had recently stopped working for Defendant and shifts were available.

21. As a consequence of Plaintiff's shortened hours, she was no longer eligible for health benefits from Defendant, due to Defendant's requirement that employees work for a minimum of thirty (30) hours per week for a consecutive fifty-two (52) weeks. Without these benefits, Plaintiff was financially unable to visit the doctor on at least one occasion.

22. Plaintiff was not subject to cash-checks at her register before wearing her hijab, but all managers began checking her register every day after wearing the headscarf. On information and belief, Defendant's policy required store managers to check one register per day on any one register and not every employee's register every day.

23. Defendant's employees participated in subjecting Plaintiff to a hostile work environment upon learning of her religious affiliation. Such hostile and abusive actions included, *inter alia*:

    a. Employees regularly subjected Plaintiff to dirty looks, ridicule, and pranks. On one occasion, Defendant's employees laughed at her when a box fell on her head. They told her that they thought her scarf was on too tight.

  b. On another occasion, Defendant's employees fastened a security tag on the inside of Plaintiff's coat so that the alarm would activate when she left work. Instead, a security alarm triggered later that weekend when Plaintiff was shopping at another department store in Orland Park, Illinois.

  24. Responding to these incidents, Plaintiff contacted the Store Manager Karlinski at the Bridgeview store. Karlinski listened to her complaints regarding her treatment by fellow employees and responded that they were most likely a "joke" and that he did not take them seriously. Karlinski refused to take any action in response to Plaintiff's complaint.

  25. Plaintiff requested the phone number of the district office so that she could be transferred to another location where she would not be harassed. Plaintiff then attempted to contact the district office regarding an emergency transfer, but the office replied that "There is a jokester everywhere" and that her concern was a store-level problem, not the district-office's responsibility.

  26. As a result of the discriminatory treatment to which she was subjected, Plaintiff experienced a drop in her grades. Contrary to Plaintiff earning A's and B's prior to this treatment, she suffered greatly in school during this disparate treatment, only earning C's.

  27. Due to the intolerable hostile environment that Defendant created and refused to remedy, Plaintiff was constructively discharged from her employment on May 25, 2007.

## COUNT I –TITLE VII – RELIGIOUS DISCRIMINATION
## HOSTILE WORK ENVIRONMENT

  28. Plaintiff reasserts and realleges paragraphs one (1) through twenty-seven (27) as if fully set forth herein.

29. Defendant's employees and management subjected Plaintiff to a hostile work environment based on her religion, Muslim, through severe and pervasive actions, thereby negatively altering the conditions of her employment and creating an abusive working environment.

30. Despite Plaintiff's specific complaints to Store Manager Karlinski and the district office, Defendant failed to take any appropriate action to redress the discriminatory work conditions imposed on Plaintiff.

31. The aforementioned acts of Defendant were willful, reckless, and malicious acts of unlawful discrimination against Plaintiff, because of her religion, in violation of the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 et seq.

32. As a direct and proximate result of Defendant's actions, Plaintiff has suffered emotional distress, inconvenience, lost wages and benefits, and other consequential damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Candace Metcalf requests that this Honorable Court enter judgment in her favor and against Defendant, Walgreen Co., and enter an Order awarding the following relief:

A. A written apology from the Defendant;

B. All wages and benefits Plaintiff would have received but for the discrimination;

C. Compensatory damages;

D. Injunctive relief against Defendant to cease and desist from all discriminatory behavior in management practices;

E. Injunctive relief requiring Defendant to institute a diversity and ethnic awareness training program;

F. Punitive damages;

G. An award of costs, as provided by F.R.C.P. 54(d)(1);

H. An award of reasonable attorneys fees, as provided by 42 U.S.C. § 2000e-5(k); or 42 U.S.C. § 1988(b); and

I. Such other relief as the Court deems equitable and just.

### COUNT II –TITLE VII – RELIGIOUS DISCRIMINATION

### DISPARATE TREATMENT

33. Plaintiff reasserts and realleges paragraphs one (1) through twenty-seven (27) as if fully set forth herein.

34. Defendant's management subjected Plaintiff to adverse actions based on her religion, Muslim, including but not limited to: cutting her hours and thereby reducing her wages; barring her from retaining health insurance coverage; and fostering work conditions that compelled her to resign from her employment with Defendant.

35. The aforementioned acts of Defendant were willful, reckless, and malicious acts of unlawful discrimination against Plaintiff, because of her religion, in violation of the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 et seq.

36. As a direct and proximate result of Defendant's actions, Plaintiff has suffered emotional distress, inconvenience, lost wages and benefits, and other consequential damages.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Candace Metcalf requests that this Honorable Court enter judgment in her favor and against Defendant, Walgreen Co., and enter an Order awarding the following relief:

A. A written apology from the Defendant;

B. All wages and benefits Plaintiff would have received but for the discrimination;

C. Compensatory damages;

D. Injunctive relief against Defendant to cease and desist from all discriminatory behavior in management practices;

E. Injunctive relief requiring Defendant to institute a diversity and ethnic awareness training program;

F. Punitive damages;

G. An award of costs, as provided by F.R.C.P. 54(d)(1);

H. An award of reasonable attorneys fees, as provided by 42 U.S.C. § 2000e-5(k); or 42 U.S.C. § 1988(b); and

I. Such other relief as the Court deems equitable and just.

## COUNT III – TITLE VII - RETALIATION

37. Plaintiff reasserts and realleges paragraphs one (1) through twenty-seven (27) as if fully set forth herein.

38. Plaintiff engaged in statutorily protected activity pursuant to Title VII by directly reporting the discrimination and harassment she endured by employees and management based on her religion, Muslim. In addition, Plaintiff filed a charge of discrimination against Defendant at the EEOC on February 13, 2007.

39. Defendant retaliated against Plaintiff by fostering hostile work conditions of employment, culminating in Plaintiff's forced resignation on May 25, 2007.

40. The aforementioned acts and omissions of Defendant constitute unlawful retaliation for Plaintiff's opposition to religious discrimination, in violation of the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 et seq.

41. As a direct and proximate result of Defendant's actions, Plaintiff has suffered emotional distress, inconvenience, lost wages and benefits, and other consequential damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Candace Metcalf requests that this Honorable Court enter judgment in her favor and against Defendant, Walgreen Co., and enter an Order awarding the following relief:

A. A written apology from the Defendant;

B. All wages and benefits Plaintiff would have received but for the retaliation;

C. Compensatory damages;

D. Injunctive relief against Defendant to cease and desist from all discriminatory and retaliatory behavior in management practices;

E. Injunctive relief requiring Defendant to institute a diversity and ethnic awareness training program;

F. Punitive damages;

G. An award of costs, as provided by F.R.C.P. 54(d)(1);

H. An award of reasonable attorneys fees, as provided by 42 U.S.C. § 2000e-5(k); or 42 U.S.C. § 1988(b); and

I. Such other relief as the Court deems equitable and just.

## JURY TRIAL DEMAND

42. Plaintiff requests a jury trial on all issues of fact and law raised by the allegations in this Complaint.

Respectfully Submitted,


/s/Kevin Vodak_____
KEVIN VODAK
Attorney for Plaintiff




Attorney #: 6270773
Council on American-Islamic Relations,
Chicago Chapter (CAIR-Chicago)
28 East Jackson Boulevard, Suite 1410
Chicago, Illinois 60604
Ph:     312.212.1520
Fax:   312.212.1530

10

EEOC Form 5 (5/01)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 440-2007-02907 |

**Illinois Department Of Human Rights** and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Ms. Candace M. Metcalf | (708) 802-3564 | 12-03-1979 |

Street Address: P.O. Box 2066, Bridgeview, IL 60455

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| WALGREENS | 500 or More | (708) 598-1495 |

Street Address: 8715 Harlem, Bridgeview, IL 60455

DISCRIMINATION BASED ON (Check appropriate box(es).):
☐ RACE ☐ COLOR ☐ SEX ☒ RELIGION ☐ NATIONAL ORIGIN
☐ RETALIATION ☐ AGE ☐ DISABILITY ☐ OTHER (Specify below.)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 01-01-2007   Latest: 02-13-2007
☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I was hired in or around July 2003, by Respondent as a Photo Specialist. In July 2006, I was transferred to the Bridgeview location. Upon my arrival at the Bridgeview location I was working approximately 34-40 hours a week on the day shift. Respondent allowed me the exclusively work the day shift so that I could attend school in the evenings. In December 2006, Respondent became aware that I was a Muslim and began to subject me to different terms and conditions of employment. The Respondent took me off of the day shift and scheduled me on night shifts so that I could not continue my education. The Respondent also cut my hours to 20-30 hours a week. Due to the reduced hours I am scheduled to work, I have lost my medical benefits. On February 9, 2007, I filed an internal complaint to no avail.

I believe that I have been discriminated against because of my religion, Muslim, in violation of Title VII of the Civil Rights Act of 1964, as amended.

RECEIVED EEOC FEB 13 2007 CHICAGO DISTRICT OFC

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Feb 13, 2007    C. Metcalf
Date             Charging Party Signature

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 440-2007-05943 |

Illinois Department Of Human Rights                                      and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Ms. Candace M. Metcalf | (708) 802-3564 | 12-03-1979 |

Street Address: P.O. Box 2066, Bridgeview, IL 60455

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| WALGREEN CO. | 500 or More | (708) 598-1495 |

Street Address: 8715 Harlem, Bridgeview, IL 60455

DISCRIMINATION BASED ON *(Check appropriate box(es).)*:
☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ OTHER

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 02-13-2007   Latest: 05-25-2007
☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s))*:

I filed an EEOC Charge of Discrimination (440-2007-02097) against Respondent. Subsequently, I was subjected to different terms and conditions of employment. I was constructively discharged.

I believe that I have been retaliated against in violation of Title VII of the Civil Rights Act of 1964, as amended.

RECEIVED EEOC
JUL - 5 2007
CHICAGO DISTRICT OFFICE

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)*

X 6-26-07   X Candace Metcalf
Date        Charging Party Signature

EEOC Form 161-B (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| | |
|---|---|
| To: **Candace M. Metcalf**<br>P.O. Box 2066<br>Bridgeview, IL 60455 | From: **Chicago District Office**<br>500 West Madison St<br>Suite 2800<br>Chicago, IL 60661 |

CERTIFIED MAIL 7000 1670 0012 6742 7684

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2007-02907 | Luis Rodriguez,<br>Investigator | (312) 353-0893 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*[signature]*   4-14-08

John P. Rowe,   *(Date Mailed)*
District Director

Enclosures(s)

cc: **WALGREEN CO.**

RECEIVED EEOC

APR 2 5 2008

CHICAGO DISTRICT OFFICE

EEOC Form 161-B (3/98)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**NOTICE OF RIGHT TO SUE** *(ISSUED ON REQUEST)*

| | |
|---|---|
| To: **Candace M. Metcalf**<br>P.O. Box 2066<br>Bridgeview, IL 60455 | From: **Chicago District Office**<br>500 West Madison St<br>Suite 2800<br>Chicago, IL 60661 |

CERTIFIED MAIL 7000 1670 0012 6742 7691

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2007-05943 | Luis Rodriguez,<br>Investigator | (312) 353-0893 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_John P. Rowe_       4-14-08
John P. Rowe,        *(Date Mailed)*
District Director

Enclosures(s)

cc:   **WALGREEN CO.**

RECEIVED EEOC

APR 2 5 2008

CHICAGO DISTRICT OFFICE